920 F.2d 933
 136 L.R.R.M. (BNA) 2064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The HERTZ CORPORATION, d/b/a Hertz Rent-A-Car, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 90-5095, 89-6593.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Hertz Corporation (Hertz) appeals the order of the National Labor Relations Board (Board) requiring Hertz to cease and desist from prohibiting employees from wearing union steward pins on their employee uniforms. We REMAND to the Board for a determination of whether Hertz failed to enforce the policy in a consistent and nondiscriminatory fashion.
 
 
 2
 In June 1988, the California Teamsters Public, Professional and Medical Employees Union, Local 911 (union), furnished steward identification pins to Susan Butler and Doug Harmon, Hertz employees at the Sacramento, California airport facility. Ms. Butler was a courtesy bus driver who had customer contact. Mr. Harmon was the chief garage attendant who apparently had some customer contact. The steward pins issued by the union measured approximately 1" x 1 1/2", with gold trim and lettering against a blue background and were inscribed: "Teamster steward 911." The stewards claimed to have worn the pins to work every day.
 
 
 3
 Hertz provides identical uniforms for all employees. In June 1986, Hertz had issued a pamphlet entitled "The Professional Look is Hertz: Uniform Program and Dress Code Policies." Included in this dress code pamphlet was an accessories provision providing an exhaustive list of the only jewelry that employees were allowed to wear. Hertz did not list lapel pins as acceptable jewelry. Hertz reissued portions of the dress code, including the accessories provision, in February 1988. Additionally, Hertz circulated a memo on October 7, 1988, stating: "Effective immediately, the only acceptable pins to be worn on your outermost garment is your name pin, any current promotional pins that the Hertz Corporation provides and any Hertz award pins. No other pins other than the above is [sic] to be worn."
 
 
 4
 Subsequent to Hertz's promulgation of the October 7 memo, the Hertz Sacramento City Manager, Philip Kennewell, directed Ms. Butler to remove her union steward pin. Likewise, Mr. Kennewell ordered Mr. Harmon to remove his steward pin. Both employees complied with Mr. Kennewell's command.
 
 
 5
 On October 13, 1988, the union filed charges against Hertz with the Board on behalf of Hertz's Sacramento airport facility employees. The Board filed, based on the union's charges, a complaint alleging that Hertz violated section 8(a)(1) of the National Labor Relations Act (Act) by prohibiting employees from wearing union steward pins. An Administrative Law Judge (ALJ) conducted a hearing and rendered an opinion in July 1989. The ALJ concluded that no special circumstances existed to allow Hertz's prohibition of the steward pins in that he determined, Hertz failed to consistently apply its policy of prohibiting pins. Accordingly, the ALJ proposed that Hertz be ordered to cease and desist from maintaining and enforcing the policy of prohibiting steward pins.
 
 
 6
 Hertz filed exceptions to the ALJ's proposed order. The Board subsequently affirmed the ALJ's rulings, findings and conclusions and adopted the proposed order. In doing so, however, the Board specifically determined it unnecessary to reach the issue whether Hertz consistently enforced its prohibition of wearing pins. Under authority of 29 U.S.C. Sec. 160(f), Hertz appealed the Board's decision to this court. For the following reasons, we find it necessary to REMAND for further determinations by the Board.
 
 
 7
 The Supreme Court established that the display of union pins is protected under section 7 of the Act. Republic Aviation Corp. v. NLRB, 324 U.S. 793, 801-803 (1945). This court ruled, however, in Burger King Corp. v. NLRB, 725 F.2d 1053, 1055 (6th Cir.1984), an employer may maintain a prohibition of union pins if a "special circumstance" exists. The Burger King court noted that, in this context, three factors must be present for a special circumstance to exist. Id. First, this court required that the employer maintain a policy that employees wear only authorized uniforms. Id. Second, we required that the employer enforce the policy in a consistent and nondiscriminatory fashion. Id. Finally, we required that the employees who are restricted by the policy have contact with the public. Id. Under the facts and circumstances in Burger King, this court determined that the employer met these requirements. Id. Accordingly, we upheld the employer's no pin policy. Id.
 
 
 8
 Under section 10(f) of the Act, 29 U.S.C. Sec. 160(f), findings of the Board with respect to questions of fact are conclusive if supported by substantial evidence on the record considered as a whole. Because the Board failed to find whether Hertz enforced the policy in a consistent and nondiscriminatory manner, we cannot determine whether Hertz's policy is valid under our holding in Burger King. Consequently, we REMAND to the Board for such a finding, and thus a determination of whether Hertz's policy is valid under Burger King.
 
 
 9
 It is so ordered.